UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MORRIS AKERMAN, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>MEDTRONIC PLC,<br><br>Defendants. | Case No.: _____ |

Plaintiff Morris Akerman ("Plaintiff"), by his undersigned attorneys, alleges the following based upon personal knowledge as to his own acts and information and belief as to all other matters, based upon the investigation conducted by and through his attorneys:

## NATURE OF THE ACTION

1. Item 10(a)(1) of Schedule 14A, 17 C.F.R. § 240.14a-101, lists information required to be in a proxy statement pursuant to 15 U.S.C. § 78n(a), and requires that "[i]f action is to be taken with respect to any [compensation] plan pursuant to which cash or noncash compensation may be paid or distributed" certain information must be furnished to shareholders.

2. Defendant Medtronic plc ("Medtronic" or the "Company") furnished shareholders with a definitive proxy statement issued on Schedule 14(a) on August 28, 2017 (the "Solicitation") which included four shareholder proposals that required shareholder action to approve. Of those four proposals, the fourth proposal ("Proposal 4") seeks shareholder action, by way of a vote, "[a]mending and restating the Medtronic plc Amended and Restated 2013 Stock Award and Incentive Plan."

3. As described below, Proposal 4 does not comply with the Securities and Exchange Commission's ("SEC") disclosure requirements for proxy statements, codified at Item 10(a)(1) of 17 C.F.R. § 240.14a-101.

4. Because of Defendant's non-compliance with 17 C.F.R. § 240.14a-101, Plaintiff, a shareholder of Medtronic whose vote is sought, brings this stockholder's direct action under Section 14(a) of the Securities Exchange Act of 1934, as amended (the "Exchange Act"), 15 U.S.C. § 78n(a), and the rules and regulations of the United States Securities and Exchange Commission (the "SEC"), to enjoin a vote by its shareholders on Proposal 4 in the Solicitation for the annual meeting of Medtronic shareholders scheduled for December 8, 2017.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action pursuant to Section 27(a) of the Exchange Act, 15 U.S.C. § 78aa(a).

6. In connection with the acts, omissions, conduct and wrongs alleged herein, Defendant used the mails and the means or instrumentalities of interstate commerce.

7. Venue is proper in this district because, as allowed under Section 27(a) of the Exchange Act, this district is where the violation at issue in this case occurred because numerous Solicitations, including Plaintiff's, were mailed to Medtronic shareholders residing in this District, and Plaintiff's claims are related to a case filed in this District.

## PARTIES

8. Plaintiff is, and has been continuously for all relevant times herein, a holder of Medtronic ordinary stock.

9. Medtronic is a corporation organized under the laws of the Republic of Ireland. According to a Form 10-Q filed with the SEC on September 1, 2017, As of August 29, 2017, the day after the Solicitation, Medtronic had 1,354,591,435 ordinary shares outstanding. Medtronic's

2

stock is traded on the NYSE under the symbol MDT. According to the Solicitation, "Medtronic is the global leader in medical technology – alleviating pain, restoring health, and extending life for millions of people around the world."

## Wrongful Acts and Omissions

10. Medtronic has scheduled its annual shareholders' meeting for December 8, 2017. On August 28, 2017, Medtronic furnished its shareholders with the Solicitation to solicit their proxies for, inter alia, Proposal 4.

11. Proposal 4 requests that the shareholders "approve the amendment and restatement of the Medtronic plc 2013 Stock Award and Incentive Plan (formerly known as the Medtronic, Inc. Stock Award and Incentive Plan) ("2013 Plan") to increase the authorized number of shares by Fifty Million (50,000,000), bringing the total number of shares available for future grants under the 2013 Plan as of April 28, 2017 to 71,033,122 and the total number of shares reserved for grant since the adoption of the 2013 Plan to 122,121,596 (the "Plan Amendment"). The Company is seeking shareholder approval so that it may continue granting awards under the 2013 Plan in order to provide additional incentives to selected employees, directors, officers and consultants, strengthen commitment, motivate the diligent performance of responsibilities and attract and retain competent and dedicated persons whose efforts should result in our long-term growth and profitability."

12. Proposal 4 provides insufficient information for Medtronic stockholders to understand how many participants there are in the plan or why they are eligible for such shares, and thus it does not comply with Item 10(a)(1) of Schedule 14A, 17 C.F.R. § 240.14a-101, which requires:

> *Item 10. Compensation Plans.* If action is to be taken with respect to any plan pursuant to which cash or noncash compensation may be paid or distributed, furnish the following information:

3

**(a)** *Plans subject to security holder action.*

**(1)** Describe briefly the material features of the plan being acted upon, identify each class of persons who will be eligible to participate therein, indicate the approximate number of persons in each such class, and state the basis of such participation.

13. Instead of providing the "approximate number of persons in each such class, and … the basis of such participation," Proposal 4 only tells stockholders the following about who will receive these awards:

**Eligibility and Participation**

The committee may select any or all of the following classes of persons to be granted awards under the plan: (i) members of our Board; (ii) officers of, employees of, and consultants to the Company and/or any of our subsidiaries; and (iii) individuals who have accepted offers of employment or consultancy from the Company, and/or from any of our subsidiaries; provided, however, that no grant will be effective prior to the date on which such individual's employment or consultancy commences. We have 91,000 employees as of July 1, 2017, but awards will generally be limited to executive and management-level employees.

14. The term "management-level employees" does not appear elsewhere in the Solicitation, and omits the approximate number of persons who qualify as: (1) officers of the Company and/or any of its subsidiaries, (2) employees of the Company and/or any of its subsidiaries, (3) consultants to the Company and/or any of its subsidiaries, (4) individuals who have accepted offers of employment or consultancy from the Company and/or any of its subsidiaries, and (5) individuals who have accepted offers of consultancy from the Company and/or any of its subsidiaries.

15. Instead of providing the "approximate number of persons in each such class" defined above, or even the approximate number of persons in all such classes cumulatively, Medtronic only provided that it has "91,000 employees as of July 1, 2017, but awards will generally be limited to executive and management-level employees."

4

16. The 91,000 figure is both over and under-inclusive, as it counts employees who are not executive and management-level employees, and it excludes consultants to the Company and/or any of its subsidiaries. The Solicitation does not appear to include the number of "executive and management-level employees" or the number of consultancies that would be needed to determine the "approximate number of persons in each such class."

17. Further, the proposed Plan Amendment, broadly defines subsidiary:

> "Subsidiary" has the meaning set forth in section 7 of the Companies Act 2014 of the Republic of Ireland;[1] provided that, to the extent required to avoid the imposition of additional taxes under Section 409A of the Code, an entity shall not be treated as a Subsidiary unless it is also an entity in which the Company has a "controlling interest" (as defined in Treas. Reg. Section 1.409A-1(b)(5)(ii)(E)(1)), either directly or through a chain of corporations or other entities in which each corporation or other entity has a "controlling interest" in another corporation or entity in the chain, as determined by the Committee.

Restated 2013 Plan § 1.2(ss). Based upon this definition, it is unclear how many of the subsidiaries, as defined under the plan, the Company has, and how many of the 489 subsidiaries listed on the Company's most recent list of subsidiaries at April 28, 2017[2] are within the plan's ambit.

18. Proposal 4's the definition of "Eligibility" also conflicts with the terms of the Restated 2013 Plan. Proposal 4 says that the only directors who can participate in the plan are "members of [the] Board [of Directors of Medtronic plc, as defined above in the Solicitation]", and thus excludes directors of Medtronic's subsidiaries unless those directors are otherwise

---

[1] *Available at* http://www.irishstatutebook.ie/eli/2014/act/38/section/7/enacted/en/html#sec7

[2] *Available at* https://www.sec.gov/Archives/edgar/data/1613103/000161310317000018/mdt-20170428xex21.htm.

5

eligible. Indeed, directors are the only class of participants where the eligibility section of Proposal 4 does not also include subsidiaries.

19. By contrast, Section 1.2(n) of the Restated Plan defines "Eligible Individuals" to mean "directors, officers, employees, and consultants of the Company or any Subsidiary, and prospective employees, officers and consultants, who have accepted offers of employment or consultancy from the Company or any Subsidiary. . . ."

20. As a result, Proposal 4 is inconsistent with the Restated Plan. Proposal 4 of the Plan must be corrected so that it does not conflict. If Proposal 4 is corrected, the Solicitation must be further amended to include the approximate number of directors of subsidiaries that are plan participants.

21. Finally, Proposal 4 allows awards to be granted awards under the plan to "consultants to the Company and/or any of our subsidiaries" and to "individuals who have accepted offers of . . . consultancy from the Company, and/or from any of [its] subsidiaries[.]" Besides not providing the approximate number of persons in this class, as described above, the Solicitation does not state the type of consultant that may be awarded any of the 50,000,000 newly authorized shares that stockholders are being asked to approve or the basis of their receipt of such awards. The Solicitation, for example, notes that "[t]he Compensation Committee has engaged Frederic W. Cook & Co., Inc., an independent outside compensation consulting firm (the "Independent Consultant"), to advise the Compensation Committee on all matters related to executive officer compensation." It is thus unclear from the Solicitation what type of consultants would be included within the Restated Plan and whether the Compensation Committee could, for example, award the Independent Consultant, and similarly situated consultants, further incentives under the Restated Plan.

6

22. As a result of the above defects, the Solicitation does not inform shareholders of how many participants will be awarded the 50,000,000 newly authorized shares that stockholders are being asked to approve or the basis of their receipt of such awards, and does not inform shareholders of the types of consultants that may qualify.

23. This contravention of the SEC rules renders the Solicitation unlawful under § 14(a) of the Exchange Act.

24. As stated above, the Restated 2013 Plan will allow for 50,000,000 newly authorized ordinary shares to be awarded immediately after the stockholder vote. This will increase the amount of ordinary shares available for awards under the Restated Plan to 71,033,122 less any grants on or after April 28, 2017. According to the Solicitation, only 21,033,122 remained for awards as of April 28, 2017, so Proposal 4 will more than triple the ordinary shares available for grants under the Related Plan.

25. The preceding paragraphs state a direct claim for relief against Medtronic under § 14(a) of the Exchange Act for acting in contravention of the rules and regulations prescribed by the SEC.

26. As a result of these actions, Plaintiff will be injured, and he has no adequate remedy at law. He will suffer irreparable harm on Proposal 4 if no action is taken to ameliorate this harm because, in addition to being forced to vote without this information, the Restated 2013 Plan allows for over 50 million new shares to be granted to an unknown approximate number of persons who qualify as: (1) officers of the Company and/or any of its subsidiaries, (2) employees of the Company and/or any of its subsidiaries, (3) consultants to the Company and/or any of its subsidiaries, (4) individuals who have accepted offers of employment or consultancy from the Company and/or any of its subsidiaries, and (5) individuals who have accepted offers of

consultancy from the Company and/or any of its subsidiaries. Moreover, it is unclear whether the directors of Medtronic's subsidiaries are eligible for awards because the Restated Plan's language and the Solicitation are patently inconsistent. Lastly, it is unclear what kind and number of consultants may qualify under the Plan, and whether the Independent Consultant and similarly situated consultants would qualify.

27. It is necessary for the Court to take action to enjoin the vote beforehand to prevent shares from being distributed to participants based on an uninformed vote that lacks proper and informed shareholder approval because unwinding awards following the December 8, 2017 vote would be impracticable.

28. To ameliorate injury, injunctive relief is required in the form of a supplemental proxy statement that complies with 17 C.F.R. §240.14a-101, Item 10(a)(1) is timely furnished to shareholders.

29. Medtronic should be enjoined from presenting Proposal 4 for a stockholder vote at the December 8, 2017 annual meeting or certifying or otherwise accepting any vote cast in connection with Proposal 4 unless the appropriate amendments are timely made.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of Medtronic, and against defendants, as follows:

(A) A preliminary and permanent injunction, enjoining Medtronic from:

i. presenting Proposal 4 for a shareholder vote at the December 8, 2017 annual meeting unless a supplemental proxy statement that complies with 17 C.F.R. §240.14a-101, Item 10(a)(1) is timely furnished to shareholders;

    ii. certifying or otherwise accepting any vote cast, by proxy or in person, by or on behalf of any Medtronic shareholder in connection with Proposal 4 in the Solicitation unless a supplemental proxy statement that complies with 17 C.F.R. §240.14a-101, Item 10(a)(1) is timely furnished to shareholders;

 (B) A preliminary and permanent injunction requiring Medtronic to furnish a supplemental proxy statement that complies with 17 C.F.R. §240.14a-101, Item 10(a)(1);

 (C) Otherwise proceeding at its December 8, 2017 annual shareholders meeting or at any other time in a manner inconsistent with Item 10(a)(1).

 (D) Awarding Plaintiffs reasonable attorney's fees and expenses incurred in bringing this action and in creating a benefit for all of Medtronic's shareholders.

 (E) Granting such other and further relief as this Court may deem just and proper.

Dated: September 13, 2017

          STULL, STULL & BRODY

           /s/ Michael J. Klein
          Aaron L. Brody
          Michael J. Klein
          6 East 45th Street
          New York, NY 10017
          Phone: (212) 687-7230
          Fax: (212) 490-2022
          abrody@ssbny.com
          mklein@ssbny.com

          *Attorneys for Plaintiff*